COOKE *v*. GENTRY.

4-9833                                                249 S. W. 2d 848

Opinion delivered June 23, 1952.

*M. C. Lewis, Jr.,* for appellant.

*Leo P. McLaughlin* and *Richard M. Ryan,* for appellee.

GRIFFIN SMITH, Chief Justice. The custody of two children is involved—Sharon, a girl twelve years of age, and Art, a boy nearly six. In July, 1939, Carolyn Cooke was married to Victor Alexander Rollo in Hot Springs. Miss Cooke and her mother had been working in a cafe operated by A. D. Gentry. He was estranged from his wife, Christiana, from whom he procured a divorce in 1946.

Sharon was born in February, 1940. Art was born at Colorado Springs in November, 1946. Carolyn and Gentry (the latter is now 65 years of age) were married in 1946. It is contended by appellant that at the time Carolyn and Gentry were married, Gentry's divorce decree—procured in Kansas—had not become final. By the decree's terms it forbade either party from remarrying for six months. But, in any event, Carolyn had not procured her freedom from Rollo, and did not until July, 1949.

Rollo's deposition is to the effect that he had not lived with Carolyn: in fact, he had not seen her since the wedding. Common law marriages are recognized in Colorado, but the determination here does not turn on whether Gentry and Carolyn were man and wife within

the meaning implied by law. It is undisputed that Carolyn had lived with Gentry for many years. She died from heart disease at Phoenix, Arizona. Shortly before the end occurred December 13, 1949, she wrote letters to a sister, Kathryn Cooke, at Hot Springs, in which the children's future was discussed. It was sought at the trial from which this appeal comes to introduce these letters in an effort to impeach Gentry's testimony, and for the purpose of showing that the mother wished her sister to have the children.

Because the children are innocent parties in circumstances where the record, if read in part would justify inferences not sustained when the testimony of all the witnesses is considered, we do not deem it necessary to determine paternity. There is no question that the children's mother was Carolyn, and it is equally certain that during the last few weeks of illness the mother suffered intense agony because of her physical malady and through apprehension regarding the future welfare of her children; but in one of the letters to Kathryn she mentioned the affection entertained by the children for Gentry, saying: "I don't think I care what you do to A. D. However, as long as the children live, for their sake, go easy—I don't wont them hurt, and they do love him."

During the summer of 1951 Gentry brought the children to Hot Springs, where they remained for some time with their grandmother, Mrs. Essie Cooke. Between the time Carolyn died and Gentry's visit to Hot Springs, Sharon had been in school. The boy was not old enough to attend public school, but Gentry testified that he intended to put him in kindergarten.

On September 19th Miss Cooke, the aunt, filed a petition asking the Chancery Court to award her the custody of Sharon and Art. A final prayer was that Gentry be restrained from removing the children from custody of the court until the cause should be heard, also that he be restrained from "bothering, molesting, or interfering with [Miss Cooke's] custody." September 22d Gentry petitioned for a writ of *habeas corpus*, alleging that the

children were being illegally detained by Miss Cooke. The petition, which was sworn to, contained an assertion by Gentry that he was the father of each.

The parties to this litigation rely upon *Morrison* v. *Nicks*, 211 Ark. 261, 200 S. W. 2d 100. Appellant emphasizes the presumption of parenthood where a lawful marriage has been shown and where children have been born. Appellee points to other parts of the opinion and calls attention to the husband's non-access to his wife and emphasizes Rollo's testimony that he did not see his bride after the ceremony.

The record here clearly shows that Gentry had cared for the children, that they are attached to him, that he is devoted to them, and that he intends to care for them. No such ties exist between them and appellant (the unmarried aunt), and it is inferable that she is acting through a sense of loyalty to her dead sister. Gentry was arrested on a charge of kidnaping as he was preparing to leave in an automobile for Phoenix.

The petition for custody and a restraining order, and the *habeas corpus* hearing, were consolidated for trial. *Waller* v. *Waller, ante,* p. 19, 245 S. W. 2d 814. The Chancellor found ". . . that it is to the best interest of the said minor children . . . that they be placed in the permanent custody of . . . A. D. Gentry, Sr."

We are unable to say that this finding is not sustained by a preponderance of the testimony, hence the decree is affirmed.